Good morning, Your Honors. May it please the Court, Lauren Eskenazi for Petitioner Jose Arteaga. I'd like to reserve three minutes for rebuttal. Sure. The issue in this case concerns whether a petitioner met the AEBPA's one-year statute of limitations. And there are four reasons why he did, but the first is really the most compelling and the simplest, which is to say, the very first decision in this case issued by the Superior Court is a merits decision. It's a four-page written decision on the merits addressing only federal law, federal constitutional law. And as a result of that, there was no time bar. Under the plain statement rule articulated in both Coleman v. Thompson and then Michigan v. Long and then Harris v. Reed as applied to habeas cases, the plain statement rule makes it very clear that if the State does not clearly and expressly state a procedural bar, then it is a merits decision and that procedural bar is not said to have existed or to have been imposed. And then under Yilts v. Moonmaker, it's also very clear that any — Excuse me. That's the Superior Court ruling? Excuse me? You're talking about the Superior Court ruling? Yes. What's the date of that ruling? The date of that ruling was August 7th, 2006. Okay. And when was the petition filed? The federal petition was filed January 9th, 2008. Okay. Well, why isn't that two years past the statute or a year past the statute of limitations? Because under Sackle, Chavez and Pacer, you get gap tolling. So as long as all of the State exhaustion petitions were deemed timely, you are entitled to gap tolling from the time in which — not only the time in which the properly filed petitions are pending and filed, but also interval or gap tolling, the time in between each petition. And how do we know that the other petitions, the Court of Appeal and Supreme Court petitions, were timely? So as I was saying, as an operation of law, Supreme Court decision Yilts v. Moonmaker makes it very clear that you use the look-through doctrine. And so where you just have, like, summary denials, which essentially are the denials you have with the Court of Appeal and the California Supreme Court, you're to assume that those orders are just an adoption of the lower court order, the last reasoned decision. And since you actually have a reasoned decision by the superior court, which is rare, but it is — it's what happened in this case, you're to assume that they adopted the reasoning in the lower court decision. And here you have a merits decision with no time bars whatsoever. However, in addition to the Yilts, which alone makes the petition timely, if you actually take a closer look at the orders issued by the Court of Appeal and the California Supreme Court, I think they also — they tell you very little, but they tell you a little bit. They also support the fact that there was no time bars imposed subsequently after the superior court decision. And specifically with the Court of Appeal order, you have a dissent there. And the dissent says, I would deny without prejudice to Petitioners filing a new petition in the superior court that includes Petitioner's own declaration regarding the file on his appeal. I looked at that again, and what I realized is there were two other documents filed simultaneously with the habeas petition. One was a sworn declaration, so they're not referring to that, and that sworn declaration did have to do with timeliness. So we know that the dissent is not speaking to timeliness in that regard. And secondly, the second document filed with the habeas petition was — and I can give you the ER sites for that, so I'm sorry. Let me go back. The sworn declaration is at ER 340 to 341. The other was a motion for production of documents to support the factual allegations of the writ of the habeas corpus. That's at ER 342 to 347. Let me ask you another question. How does his inability to get to the library figure into this? Well, if you can't find — if you don't find timeliness under yields, which I think is a very solid argument, the question becomes whether under Chavez, where you just have summary denials, the federal court has to make an independent decision as to whether or not under California law the state courts would have found — would have found the habeas petitions timely or not. So in doing that, you have to assess whether or not the California courts would have found his excuses justifying his delay reasonable. And so it becomes — it becomes relevant in that analysis if you don't rely on yields. But there's no reason not to rely on yields because you clearly have a reasoned decision by the superior court, so that should be what this court looks to. And there's no time bar there. So the subsequent summary denials have to be seen as adopting that — that decision, which means no time bars. And if there are no time bars, you get gap polling. But if you're going to ignore yields, then that's the analysis you have to do under Chavez. You have to do an independent review of the timeliness issue. So you have to look at his declarations and the facts that he set forth in terms of why he couldn't prepare and file a petition in a more timely fashion. So if we — if we were to go that route by that argument, would he then be entitled to an evidentiary hearing on why he couldn't get to the library? Is that where we'd go from here? Yes. Because there's — because there's contradictory statements in the district court as to how long the prison lockdowns And there's inconsistent information about how his job impeded his ability to get to the library. Even though he did say he worked half a week, he also explained that when he gets back from his job, a lot of times the prison library is full. And so he — you know, because of the time and the prison rules, he can't — he could not get to the prison. So he makes a much more generic claim about his access to the law library, and that needs to be fleshed out in an evidentiary hearing before you can do any Chavez analysis. And the third issue is also very compelling, which is actual innocence. I mean, we have this brand-new U.S. Supreme Court decision, McQuiggan v. Perkins, that makes it very clear and is consistent with this court's decision in Roy v. Lampert, which basically says — That's not really on the table today, is it? That's not a certified issue? It is a — we argue that it was certified. But the issue that was certified for appeal was the timeliness of the — the only — the timeliness of the — of the habeas condition. Is it? Okay. So let me — So McQuiggan v. Perkins goes, if you can make a sufficient showing of actual innocence, you get relief from the time bar. Is that what you're saying? So timeliness is an issue, and Perkins comes into play. Yes. However, the standard is the Schlupf standard, which is not actually — even though it's called the actual innocence gateway exception, you're actually not — you're showing enough innocence such that it's more likely than not that the jury wouldn't have convicted. So actually, it's an interesting — Right. Now, I know — You're not actually showing innocence. You're showing that the no reasonable juror — We just had that issue last week. Yeah. Okay. He had to show that it's sort of enough that you would show that he would have been acquitted instead of convicted. A lot more likely than not. Yeah. You don't have to show acquittal, just that he wouldn't be convicted, not guilty. But that just gets you through the time bar. Exactly. And that's not a — exactly. It only relieves you from the one-year statute of limitations. Yes, Your Honor. Okay. I see you're down to two minutes. You said you wanted to reserve time. Thank you, Your Honor. Thank you, Ms. Eskenazi. Good morning. May it please the Court. Good morning, Your Honors. Deputy Attorney General Eric Reynolds for Respondent. Your Honors, the district court correctly determined that the petition was untimely, and it determined that Petitioner was not entitled to sufficient tolling to overcome the statute of limitations. I want to address first the Petitioner's ability to get to the library.  He alleged that he was unable to get to — Isn't this an issue of fact? I'm sorry? Isn't this an issue of fact? Yes, Your Honor. I don't know how it could have been decided on summary judgment or a motion to dismiss. I don't know if we get there because I'm not sure whether it's untimely under federal law anyway. But if we do get there and we're looking at his excuses for delay, you have contradictory materials in the record. Your Honor, I would disagree in terms of the contradictory materials. The district court took into account Petitioner's 40 days that he was able to show of delay. He said there was a 60-day period that he was able to show from the end of October, October 26, through the end of the year. He was able to provide documentation of 40 actual days of modified program or lockdowns. The court gave him the benefit of the doubt on those and found that out of the 179 days between the denial of the Superior Court petition and the filing of the Court of Appeal petition, arguably he could explain 40 of those days. I even go and say even if he got granted him the 60 days that he said he was on lockdown for, the petition is still untimely. So there really isn't any contradictory evidence. Petitioner admitted that he was able to access the law library four times in October. Furthermore, the Superior Court petition was denied at the beginning of August. I believe it was August 7th. He waited until October 5th before even attempting to get to the law library. He offers no explanation for those initial 60 days. After the Superior Court denied the petition, he provided no explanation nor excuse, saying that during that initial 60-day period he couldn't get to the law library or that his work prevented him from getting to the law library. It wasn't until October that he demonstrated that he could get to the law library. Then those lockdowns occurred well after that 60-day period. Did any California decision decide that his filing was untimely? I'm sorry? Did any California decision determine that his filing was untimely? No, Your Honor, but under Chavez, that is not the end of the analysis. First, the petitioner's argument for looking through to the Superior Court decision just really is unworkable in a timeliness analysis. The Superior Court had no occasion for deciding whether or not subsequent petitions would be timely filed. You could have a case where the Superior Court petition is timely filed, and then the petitioner engages in an unjustified delay under California law in filing the subsequent petitions. It just wouldn't make sense to then say, well, because the Superior Court determination determined the case on the merits, that automatically every petition filed afterward would be timely. Was the timeliness issue in front of the California Supreme Court? Well, under Chavez, we presume that the – Was it actually in front of the California Supreme Court? The petitioner filed a declaration, the same declaration that he filed in the Court of Appeal to explain his delay in filing the petition in the California Supreme Court. The California Supreme Court issued a summary denial, just as in Chavez, just as in – in this case, as determined in Banjo and Vazquez, a summary denial. And under Chavez, the Federal courts are to then engage in the analysis to determine whether or not those petitions were timely filed under California law. What about Harrington v. Richter, which says we presume the decision was on the merits? Well, that case would apply to procedural bar context. The statute of limitations argument is still under Chavez. You can't presume just because it was summarily denied on the merits. Aren't they a little bit in conflict? I'm sorry? Aren't those cases a little bit in conflict? I disagree because we're talking about Federal statute of limitations here, not a State procedural bar that was imposed. In the Federal statute, and the Federal courts have to determine whether what the purposes. And under those cases in Chavez and this Court's decision in Vazquez, the analysis must be conducted as to each petition, whether or not they were decided on the merits. It could be a merits decision, but that doesn't preclude a finding of untimeliness under California law. So the district court correctly still conducted the analysis to determine whether that court of appeal petition was timely filed and whether that California Supreme Court petition was timely filed, and correctly determined that Petitioner couldn't adequately justify his delay in filing those petitions. Our position is that the magistrate hearing wouldn't add anything because the district court accepted Petitioner's contentions, gave him the benefit of doubt, but still couldn't explain. Did she really? I mean, let me read you a quote from the R&R that the magistrate judge did. Moreover, Petitioner's claim that, quote, after work I had trouble gaining access to the law library due to the capacity of the library being full, close quote, suggests a lack of diligence or planning rather than a work schedule that prevented his access to the law library. What basis does she have to conclude that he had some kind of lack of diligence or planning? The explanation that Petitioner filed in his declaration in the state courts was that he had trouble getting to the law library. However, he did not provide an explanation as to the other days that he wasn't working. He said it was due to the capacity of the library being full. Right. At the time that he got off work. And she says, well, his problem was it was a lack of diligence or planning. I mean, we're kind of the guys in prison. I mean, you can't take vacation time. Correct, Your Honor. But he was only working, according to his declaration, part of the week. He was not working full time. Okay. But if it's full, it's full. If you look at his declaration, he says, on the days I was working, when I got off work, the library was full. But he does not provide an explanation for the days that he was not working and say that the library was full on those days as well. And the record demonstrates that he did, in fact, have law library access on four separate occasions in October. So I believe that an evidentiary hearing wouldn't flush out anything because you have to look at his declaration that was filed in the state courts. And they would use that to determine whether or not there was justification. And the fact that he was working partial time and not getting access to the law library on the days that he wasn't working does indicate a lack of planning and diligence because he hasn't provided a sufficient explanation. And, Your Honors, Respondent's position is that the actual innocence issue is not part of the certificate of appealability. I would be happy to address any questions that the Court feels that it's appropriate to do so, but unless there are questions, I'm not going to address that issue here today. So in conclusion, Your Honors, Respondent respectfully submits that the district court correctly found the petition to be untimely, and we'd ask this Court to affirm the judgment. Thank you.  Justice Kennedy. Thank you, Your Honors. I did really want to briefly just call your attention, as I did last night when I looked at the facts of the case. With respect to the California Supreme Court order, so the petitioner files it May 10, 2007, and it's rejected. And it's rejected because he doesn't have an original signature. It says, we must have an original signature. And then the California Supreme Court advises the petitioner, please sign the form at the time it's filed. And it's filed. So it's interesting to me that, you know, the Federal language in the ADP has to do with whether it's properly filed, whether it's timely. And we have this indication here where he doesn't sign it, he doesn't have an original signature. They asked him to perfect it. He does. And I think the assumption you have to take from that is that when they file it, it is also then at that point properly filed and timely. And that's consistent with the ruling in Yilts where we understand that summary denials are adoptions of reasoned decisions. And we clearly have a reasoned decision with no time bar. Also with respect to Yilts, because it's such an important case, I just don't think it can be overlooked that, again, the new actual innocence case by the United States Supreme Court, which did reverse the Ninth Circuit, at least has a footnote in it praising the I'm sorry. I got them confused. Not the Perkins case, but Johnson v. Williams. The very first footnote there, the Supreme Court praises this court, although it ends up reversing it. But in this instance, praises this court for use for applying Yilts and the look-through doctrine. Footnote one, consistent with our decision in Yilts, the Ninth Circuit looked through the California Supreme Court's summary denial to the last reasoned decision. So that's equally applicable here. It's applicable post-Chavez. There's nothing in Chavez that overrules Yilts. And, in fact, Yilts is clearly resurrected in Johnson v. Williams just as much as a couple months ago. Thank you, Ms. Kennedy. Mr. Reynolds, thank you. The case just argued is submitted.
judges: Cedarbaum, Silverman, Wardlaw